UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Thomas M.,

                       Plaintiff,

      v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                       Defendant.
_____

**DECISION
and
ORDER**

**19-CV-6700F**
(**consent**)

| APPEARANCES: | LAW OFFICES OF KENNETH R. HILLER, PLLC |
|---|---|
| | Attorneys for Plaintiff |
| | KENNETH R. HILLER, of Counsel |
| | 6000 North Bailey Avenue |
| | Suite 1A |
| | Amherst, New York  14226 |
| | |
| | JAMES P. KENNEDY, JR. |
| | UNITED STATES ATTORNEY |
| | Attorney for Defendant |
| | Federal Centre |
| | 138 Delaware Avenue |
| | Buffalo, New York  14202 |
| |        and |
| | KATHRYN L. SMITH |
| | Assistant United States Attorney |
| | United States Attorney's Office |
| | 100 State Street |
| | Rochester, New York  14614 |
| |        and |
| | SERGEI ADEN |
| | Special Assistant United States Attorney, of Counsel |
| | Social Security Administration |
| | Office of General Counsel |
| | 26 Federal Plaza |
| | Room 3904 |
| | New York, New York  10278 |

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On October 14, 2020, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 15). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on March 19, 2020 (Dkt. 12), and by Defendant on May 14, 2020 (Dkt. 13).

**BACKGROUND**

Plaintiff Thomas M. ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on December 18, 2015, for Social Security Disability Insurance benefits under Title II of the Act ("SSDI" or "disability benefits"). Plaintiff alleges he became disabled on July 2, 2015, based on joint issues – 2010, fibromyalgia, cervical/optical vertigo – 2009, anxiety/panic attacks, gall bladder removed – 2/14/2014 but still having pains, back/neck issues – bone spur in neck/back pains, degenerative disc disease, hiatal hernia, carpal tunnel syndrome, and tendonitis. AR[2] at 242. Plaintiff's application initially was denied on March 11, 2016, AR at134-45, and at Plaintiff's timely request, on May 16, 2018, a hearing was held in Rochester, New York, before administrative law judge Connor O'Brien ("the ALJ). AR at 36-121. Appearing and testifying at the hearing were Plaintiff,[3] represented by Justine Goldstein, Esq., and vocational expert ("V.E.") Sakinah Malik, M.Ed.

---

[2] References to "AR" are to page of the Administrative Record electronically filed by Defendant on January 16, 2020 (Dkt. 9).
[3] Plaintiff was accompanied by his wife who did not testify. AR at 15, 35.

On October 1, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at 12-31 ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 203-05.  On July 25, 2019, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision.  AR at 1-6.  On September 20, 2019, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On March 19, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 12) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 12-1) ("Plaintiff's Memorandum").  On May 14, 2020, Defendant moved for judgment on the pleadings (Dkt. 13) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Rule 5.5 on Social Security Cases (Dkt.13-1) ("Defendant's Memorandum").  Filed on May 26, 2020, was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 14) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[4]

Plaintiff Thomas M. ("Plaintiff"), born November 25, 1972, was 42 years old as of July 2, 2015, his alleged disability onset date ("DOD"), and 45 years old as of October 1, 2018, the date of the ALJ's decision.  AR at 26, 43, 206, 239   As of the administrative

---

[4] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

3

hearing on May 16, 2018, Plaintiff was married and lived with his wife and four of his five children, all of whom are under the age of 18.  AR at 35, 43-44, 241.  Plaintiff's home had stairs which Plaintiff was able to climb and descend on a daily basis.  AR at 44.  Plaintiff had a driver's license but vertigo prevented him from driving and Plaintiff relied on his wife for transportation.  AR at 44-45.  Plaintiff graduated high school where he attended regular classes,[5] but received no other education, military, or formal training.  AR at 43-44, 243.  Plaintiff's work experience includes self-employment as an automobile detailer, a gasoline station fuel bay operator, and an automobile sales representative.  AR at 243.   Since 1977, Plaintiff has received his primary medical care at Naples Valley Family Practice where he saw Jeffrey C. Long, M.D. ("Dr. Long"), and Colleen Foote, PA-C ("PA Foote") for fibromyalgia, low back pain, peptic reflux disease, anxiety disorder, and vertigo.  AR at 718.  In connection with Plaintiff's disability benefits application, Dr. Long provided two medical opinions including one dated May 6, 2018, AR at 716, and the other dated May 11, 2018, AR at 718-723, and PA Foote completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) on June 6, 2018, AR at 830-37.

## **DISCUSSION**

**1.    Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can

---

[5] In a February 24, 2016 psychiatric evaluation, Plaintiff is reported as having attended special education classes because of dyslexia.  AR at 542.

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[6] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## 2.  Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining

---

[6] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  All five steps need not necessarily be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work

("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff met the insured status requirements for SSDI through December 31, 2019, AR at 17, has not engaged in substantial gainful activity since July 2, 2015, his alleged DOD, *id.*, and suffers from the severe impairments of degenerative disc disease in the cervical and lumbar spine, history of gall bladder removal, gastro esophageal reflux disease, migratory pain referred to as fibromyalgia, vertigo, anxiety, and depression.  *Id.* at 17-18.  The ALJ further determined that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in Appendix 1, *id.* at 18-19, and that Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that Plaintiff is able to adjust to frequent changes in work setting, make work-related decisions, focus on work activity for two-hour periods with momentary lapses in attention totaling up to two minutes for every two-hour period, perform simple and detailed tasks and frequently perform complex tasks, occasionally

tolerate brighter than office lighting and moderate noise as defined in the Dictionary of Occupational Titles ("DOT") (office or light traffic), and can occasionally reach overhead with the right hand. *Id.* at 19-24. The ALJ further found Plaintiff unable to perform any PRW, *id.* at 24-25, based on his age on the alleged DOD, Plaintiff is a "younger individual" according to 20 C.F.R. § 404.1563, *id.* at 25, Plaintiff has at least a high school education and can communicate in English, *id.*, and the transferability of Plaintiff's job skills is not material to the determination of disability because the Medical-Vocational Rules set forth in 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grids"), supports a finding that Plaintiff is not disabled. *Id.* Further, considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy Plaintiff can perform including mail clerk, laminating-machine offbearer, and page sorter and counter, *id.* at 25-26, such that Plaintiff is not disabled as defined under the Act. *Id.* at 26.

      Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step the ALJ failed to properly weigh the opinion of treating physician Jeffrey C. Long, M.D. ("Dr. Long"), Plaintiff's Memorandum at 12-21, and the ALJ failed to properly weigh the other medical opinions in the record and to perform a function-by-function assessment of Plaintiff's ability to perform the exertional requirements of work such that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence in the record. *Id.* at 21-26. Defendant argues medical opinion evidence is just one type of evidence relevant to the RFC finding, Defendant's Memorandum at 18-20, the weight the ALJ afforded the various medical assessments is supported by substantial evidence in the record, *id.* at

20-23, the record as a whole establishes the ALJ's decision is supported by substantial evidence, *id.* at 23-25, and the absence of evidence supporting Plaintiff's disability claim does not necessarily establish the ALJ was compelled to further develop the record. *Id.* at 25-29. In reply, Plaintiff reiterates that the ALJ failed to properly weigh the opinion of treating physician Dr. Long. Plaintiff's Reply at 1-3. Plaintiff's arguments are without merit because the ALJ did not improperly weigh the medical opinions and substantial evidence supports the ALJ's decision.

First, the ALJ did not violate the treating physician's rule by failing to give the opinions rendered by Dr. Long of Naples Valley Family Practice controlling weight. Under the "treating physician rule," for disability benefits claims filed, like the instant claim, prior to March 27, 2017, an opinion from a treating medical source is entitled to controlling weight so long as the "opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record...." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). *See Crowell v. Comm'r of Soc. Sec. Admin.*, 705 Fed. Appx. 34, 35 (2d Cir. 2017) (treating physician's opinion generally entitled to controlling weight when "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [ ] not inconsistent with other substantial evidence in the case record.") (citations omitted). Where, however, an ALJ discounts a treating physician's opinion, the ALJ must set forth "good reasons" for doing so. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (citing *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)). The failure to provide good reasons for rejecting a treating physician's opinion is grounds for remand. *Halloran*, 362

F.3d at 33 ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician opinion and we will continue remanding when we encounter opinions from ALJ's [*sic*] that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion."). Further, the opinion of a treating physician is entitled to significant weight where it is supported by medical evidence in the record, and to controlling weight where it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Although "the ALJ is certainly free to consider the opinion of [other medical sources] in making his overall assessment of a claimant's impairments and residual abilities, those opinions do not demand the same deference as those of a treating physician." *See Genier v. Astrue*, 298 Fed.Appx. 105, 108 (2d Cir. 2008) ("If the treating physician's opinion is well-supported by other medical evidence, then it is given controlling weight." (citing 20 C.F.R. 416.927(d)(2))). Treating physician opinions, however, are not determinative and are granted controlling weight only when they are not inconsistent with other controlling evidence. 20 C.F.R. §§ 404.1527(d), 316.927(d); *Halloran*, 362 F.3d at 32 (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).

In the instant case, Dr. Long's May 6, 2018 entire opinion rendered in connection with Plaintiff's disability benefits application consists of the two sentences including,

> Mr. Miler is followed in this office regularly. He has low back pain and fibromyalgia which prevents him from pursuing gainful employment.

AR at 716.

In giving this opinion "little weight" the ALJ properly considered the opinion as "conclusory and unpersuasive," unaccompanied by any detailed narrative describing Plaintiff's functioning ability, and not supported by the "moderate treatment" Plaintiff received from Dr. Long.  AR at 23.  In particular, "medical opinions" are defined in the regulations as "statements form acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions."  20 C.F.R. § 416.927(a)(1).  Nevertheless, statements from a medical source regarding "issues reserved to the Commissioner," such as that a claimant is "disabled" or "unable to work" do not qualify as "medical opinions" and are not afforded "any special significance."  20 C.F.R. § 416.927(d)(1), (3).  Rather, "the ultimate finding of whether [a p]laintiff was disabled and cannot work is 'reserved to the Commissioner' and a physician's statement that the claimant is disabled is not determinative."  *Hart v. Comm'r of Soc. Sec.*, 2020 WL 22525769, at *6 (W.D.N.Y. May 18, 2020) (quoting 20 C.F.R. § 1527(d)).  Here, as the ALJ found, AR at 23, Dr. Long's brief May 6, 2018 opinion in support of Plaintiff's disability benefits application is "conclusory and unpersuasive" and, as such, the ALJ did not err in failing to give the opinion controlling weight.

In his May 11, 2018 opinion, Dr. Long indicated that Plaintiff could walk one block before needing to rest or developing severe pain, can sit for 60 minutes and stand for 20 minutes at a time before needing to change posture, AR at 712, both sit and stand/walk for four hours in an eight hour workday, *id.*, occasionally lift and carry up to 20 lbs. and rarely lift and carry up to 50 lbs., *id.*, and occasionally twist, stoop (bend),

11

crouch/squat, climb ladders, and climb stairs, *id.* at 722, but could never reach, handle, or finger, *id.*, would need to take 15 minute breaks and lie down every 20-30 minutes, *id.* at 721, would be off-task more than 30% of an 8-hour workday, and likely miss more than four days of work per month because of fatigue caused by pain. *Id.* at 722. With regard to Plaintiff's mental abilities, the ALJ limited Plaintiff's mental impairments to anxiety, the symptoms of which include psychomotor agitation or retardation, generalized persistent anxiety, apprehensive expectation, and recurrent obsessions or compulsions which are a source of marked distress. AR at 719. The ALJ found Plaintiff's mental impairments caused less than a 10% decrease in Plaintiff's abilities to maintain attention for two hour segments, work in coordination with or proximity to others without being unduly distracted, and complete a normal workday and workweek without interruptions from psychologically based symptoms, and a 10 to 20% decrease in his abilities to perform at a consistent pace without an unreasonable number and length of rest periods and accept instructions and respond appropriately to criticism from supervisors. *Id.* at 719-20. In giving Dr. Long's May 11, 2018 opinion "little weight," the ALJ noted Dr. Long's treating relationship with Plaintiff, *id.* at 22, but found the reported physical limitations were "internally inconsistent and unsupported by the evidence of record," given Dr. Long opined Plaintiff can occasionally lift 20 lbs., twist, stoop, bend, crouch, squat and climb, *id.* at 22-23, and that Plaintiff's "mental health problems are not significantly limiting." *Id.* at 23. As such, the ALJ found Dr. Long's assertion Plaintiff would be "off task" 30% of the time and would likely be absent from work more than four days per month is not supported by Dr. Long's own assessment of Plaintiff's eligibility for disability. *Id.* at 23. This determination is also consistent with

Plaintiff's advising Dr. Long that Plaintiff had applied for disability benefits despite continuing to engage in work activities, see AR at 769 (January 21, 2016), 777 (June 3, 2016), 793 (May 25, 2017), and 821 (February 5, 2018), as well as that the record is devoid of any physical restriction imposed by any medical provider, but refers to Plaintiff engaging in such physical activities as cutting and splitting wood, AR at 777, wrestling with his son, *id.* at 780, and playing the drums for recreation.  AR at 824.

Further, Dr. Long's May 11, 2018 opinion is inconsistent with the opinion of PA Foote, who worked with Dr. Long at Naples Valley Family Practice in treating Plaintiff. AR at 830-37.  PA Foote reported Plaintiff could occasionally lift and carry up to 100 lbs. depending on the day, AR at 830, after which Plaintiff would experience fatigue-inducing pain, *id.*, could sit for one hour, stand for 20 minutes and walk for 30 minutes, *id.* at 831, in total could sit, stand and walk for up to four hours per day, *id.*, could never push or pull with his left hand, occasionally push or pull with his right hand, and with both hands could occasionally reach overhead and in all directions, and handle, frequently finger, and continuously feel, *id.* at 832, would experience pain with reaching, squeezing, pushing and pulling, *id.*, could occasionally operate foot controls with either foot which might cause numbness, *id.*, could occasionally perform all postural activities including climb stairs, ramps, ladders and scaffolds, balance, stoop, kneel, crouch, and crawl, *id.* at 833, Plaintiff's impairments did not affect his hearing or vision, *id.*, and with regard to environmental limitations, because of his dizziness and vertigo, could never work in unprotected heights, occasionally work with moving mechanical parts, operate a motor vehicle, in extreme cold or heat, and in situations involving vibrations, and could continuously work in humidity and wetness, as well as in dust, odors, fumes and

13

pulmonary irritants.  *Id*. at 834.  PA Foote further reported Plaintiff could perform such activities as shopping, traveling without a companion for assistance, ambulate without assistance, walk one block at a reasonable pace on rough or uneven surfaces, use standard public transportation, climb a few steps at a reasonable pace with the use of a single hand rail, prepare a simple meal and feed himself, care for his personal hygiene, and sort, handle, or use paper and files.  *Id*. at 835.  Accordingly, PA Foote's opinion is less limiting than Dr. Long's with regard to Plaintiff's ability to perform work-related activities.  Although under the relevant regulations, a physician's assistant is not an "acceptable medical source" whose opinion is entitled to controlling weight, PA Foote qualifies as an "other source" whose opinion may be accepted as evidence of whether the claimant is disabled, *see* 20 C.F.R. §§ 404.1513(d) and 416.913(d), such that the ALJ was permitted to give PA Foote's opinion significant but not controlling weight.

The ALJ also considered that Dr. Long's May 11, 2018 opinion is inconsistent with the consultative opinions of physician Rita Figueroa, M.D. ("Dr. Figueroa"), AR at 550-55, and psychologist Kristina Luna, Psy.D. ("Dr. Luna"), AR at 542-48.  In particular, upon examining Plaintiff on February 24, 2016, Dr. Figueroa's examination of Plaintiff was largely unremarkable except for Plaintiff's history of surgical removal of Plaintiff's gallbladder in 2014, AR at 550, Plaintiff wore dark glasses to avoid light exposure that triggered his vertigo, *id*. at 551, and despite being diagnosed by Dr. Long with fibromyalgia, Plaintiff was positive for only three of the nine trigger points considered indicia for fibromyalgia.[7]  *Id*. at 552.  Dr. Figueroa reported Plaintiff had normal gait and

---

[7] According to Social Security Ruling ("SSR") 12-2p, the criteria fop a diagnosis of fibromyalgia requires, *inter alia*, at least 11 of 18 positive tender or "trigger" points found bilaterally and both above and below the waist upon physical exam.  SSR 12-2p, Policy Interpretation, II.A.2.a.

14

station, *id.* at 551, cervical and lumbar spine showed full range of motion, and Plaintiff had full range of motion of his hips, knees and ankles, with joints stable and nontender, no redness, heat or swelling, *id.* at 551, fine motor activity of Plaintiff's hands was intact, including hand and finger dexterity, grip strength was 5/5 bilaterally, and Plaintiff could zip, button and tie without difficulty.  AR at 553.  Dr. Figueroa further reported Plaintiff's activities of daily living included cooking five times a week, cleaning 3-5 times per week, laundry twice a week, sometimes shopping, daily childcare, showing, dressing, and grooming, watching television, listening to the radio, socializing with friends, and hobbies included music and playing the drums and guitar for recreation.  *Id.* at 551.  Dr. Figueroa diagnosed Plaintiff with fibromyalgia, cervicalgia (neck pain), vertigo, and right carpal tunnel syndrome, stating Plaintiff had "no limitations for walking, standing, bending, lifting, carrying, pushing or pulling."  *Id.* at 553.

Similarly, Dr. Luna's February 24, 2016 psychiatric evaluation of Plaintiff was largely unremarkable, finding Plaintiff's depression symptoms included "feelings of worthlessness due to his medical diagnoses and feeling like he is not able to do things he used to be able to do," AR at 542, and his anxiety symptoms included "excessive apprehension and worry related to fearfulness of falling down secondary to vertigo," as well as being "easily fatigued, irritability, restlessness, and muscle tension."  *Id.*  Dr. Luna diagnosed Plaintiff with dyslexia, unspecified depressive disorder secondary to medical diagnoses, recommended Plaintiff be referred for individual psychological therapy, with a good prognosis given his current level of functioning.  *Id.* at 545.  Dr. Luna's medical source statement included that Plaintiff "had no limitation in the ability to follow and understand simple instructions, perform simple tasks independently, maintain

15

a regular schedule, learn new tasks, make appropriate decisions, and relate adequately with others.  He has mild limitations in his ability to maintain attention and concentration, perform complex tasks independently, and appropriately deal with stress.  The difficulties are caused by distractibility and cognitive deficits." *Id.* at 544-45.  Significantly, the opinion evidence of PA Foote, as well as that of Dr. Figueroa and Dr. Luna is consistent with the ALJ's RFC determination that Plaintiff has the RFC to perform light work,[8] except that Plaintiff is able to adjust to frequent changes in the work setting, make work-related decisions, focus on work activity for two-hour periods with momentary lapses in attention of two minutes per every two-hour period, perform simple and detailed tasks, and frequently perform complex tasks, occasionally tolerate brighter than office lighting and moderate noise and defined in the DOT, and occasionally reach overhead with his right hand.  AR at 19.  Because these opinions contradict Dr. Long's May 11, 2018 opinion, and are supported by substantial evidence in the record, the ALJ did not err in affording them more weight.  *Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) ("'[T]he opinion of a treating physician is not binding if it is contradicted by substantial evidence, and the report of a consultative physician may constitute such evidence.'" (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983))).  Moreover, the ALJ is permitted to rely on the opinion of a consultative examiner provided the opinion is supported by and consistent with other evidence in the record, and "[u]nder this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v.*

---

[8] *See* 20 C.F.R. § 404.1567(b) (defining "light work" as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . . ").

*Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original). Because, as discussed above, the opinions of Drs. Figueroa and Luna are consistent with other evidence in the record, including the opinion of PA Foote as well as the array of Plaintiff's own reported personal activities, they constitute substantial evidence supporting the ALJ's RFC determination.  *See Camille*, 652 Fed.Appx. at 28 (consultative physician's report may constitute substantial evidence); *Petrie v. Astrue*, 412 Fed.Appx. 401, 405-06 (2d Cir. 2011) (holding the report of a consultative psychologist also may constitute substantial evidence).

Accordingly, a thorough review of the administrative record reveals the ALJ's assessment of Plaintiff's RFC is supported by substantial evidence in the record.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 12) is DENIED; Defendant's Motion (Dkt. 13) is GRANTED.  The Clerk of Court is directed to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   January 26th, 2021
         Buffalo, New York